**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE<br>425 East 100 South<br>Salt Lake City, Utah 84111<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC.<br>40 West 20th Street, 11th Floor<br>New York, New York 10011<br><br>THE WILDERNESS SOCIETY<br>1615 M Street NW<br>Washington, D.C. 20036<br><br>GRAND CANYON TRUST<br>2601 North Fort Valley Road<br>Flagstaff, Arizona 86001<br><br>SIERRA CLUB<br>2101 Webster Street, Suite 1300<br>Oakland, California 94612<br><br>GREAT OLD BROADS FOR WILDERNESS<br>605 East 7th Avenue<br>Durango, Colorado 81301<br><br>   *Plaintiffs*,<br><br>  v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>1849 C Street NW<br>Washington, D.C. 20240<br><br>U.S. BUREAU OF LAND MANAGEMENT<br>1849 C Street NW<br>Washington, D.C. 20240<br><br>COUNCIL ON ENVIRONMENTAL QUALITY<br>730 Jackson Place NW<br>Washington, D.C. 20503<br><br>   *Defendants*. | Case No. _____<br><br><br><br>**COMPLAINT FOR**<br>**DECLARATORY AND**<br>**INJUNCTIVE RELIEF** |

## INTRODUCTION

1.      Plaintiffs bring this case to remedy violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by the United States Department of the Interior, United States Bureau of Land Management, and Council on Environmental Quality (collectively, "Defendants").  The violations arise out of Defendants' continuing failure to respond to a series of FOIA requests Plaintiffs submitted for records related to the administration's ongoing review of existing national monuments designated over the past twenty-one years pursuant to the 1906 Antiquities Act, 54 U.S.C. §§ 320301–320303.  President Donald Trump mandated the review and required Secretary of the Interior Ryan Zinke to provide recommendations about any action the President (among others) should take concerning the monuments, after elected officials in Utah urged him to reverse monument designations in that state.  *See* Executive Order 13792, Review of Designations Under the Antiquities Act, 82 Fed. Reg. 20429, 20429-31 (Apr. 26, 2017).

2.      The purpose of this unprecedented national monument review is ultimately to diminish the size of certain existing monuments and the breadth of protection established by governing proclamations, policies, and planning documents.  At the signing ceremony for Executive Order 13792, President Trump referred to national monument designations as abusive acts to which the review process "would put an end."  The President's comments and his order targeted the Bears Ears National Monument in particular, and he required the Interior Secretary to complete an expedited and focused review of that monument, together with recommendations for further executive and other actions.  As a result, the American public is at significant and imminent risk of losing portions of its national monuments and the protections that preserve them for future generations.

3.      Plaintiffs Southern Utah Wilderness Alliance, Natural Resources Defense Council, Inc., The Wilderness Society, Grand Canyon Trust, Sierra Club, and Great Old Broads for Wilderness (collectively, "Plaintiffs" unless identified individually) are all nonprofit environmental organizations that support the preservation of the national monuments at risk from the review and anticipated executive action based on that review.  The records sought in the FOIA requests are essential to Plaintiffs' advocacy and public education mission in support of the national monuments under review, including the Bears Ears and Grand Staircase-Escalante National Monuments in southern Utah.  By failing to provide the requested records, Defendants are actively impeding Plaintiffs' access to government information and blocking Plaintiffs' ability to carry out their organizational missions.

4.      Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits.  5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted their administrative remedies, Plaintiffs now turn to this Court to enforce FOIA's guarantee of public access to agency records and to remedy the agencies' withholding of that access.  Accordingly, Plaintiffs ask this Court to declare that Defendants have violated FOIA, to order Defendants to immediately provide Plaintiffs with legally-compliant responses to each of their outstanding record requests, and to grant other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question).

6.      Venue is properly vested in this Court under 5 U.S.C. § 552(a)(4)(B), because portions or all of the responsive records may be found in this district, and Plaintiff The Wilderness Society has its principal place of business in this district.

7.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

9.      This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

10.      Plaintiff SOUTHERN UTAH WILDERNESS ALLIANCE ("SUWA") has members in all fifty states, and has worked to protect the outstanding red rock wilderness in Utah since 1983; in particular, it supported the Bears Ears Inter-Tribal Coalition in its campaign to advocate for the creation of the Bears Ears National Monument.  SUWA has a well-established record of effective transmission of government information to the public through media and other outreach methods, including through its website, which provides voluminous information about the Bears Ears and Grand Staircase-Escalante National Monuments.  Staff from SUWA have been quoted extensively in the media regarding Bears Ears and Grand Staircase, as well as national monuments and the Antiquities Act in general.  SUWA will continue working to protect Utah's national monuments and to disseminate information about them to educate the public. Defendants' FOIA violations harm the organization and its members by preventing the organization from gaining and communicating a full understanding of the nature, scope, and rationale behind Defendants' current and future management of the monuments.

11.      Plaintiff NATURAL RESOURCES DEFENSE COUNCIL, INC. ("NRDC") is an environmental non-profit organization whose mission, in part, is to obtain, analyze, and publicly disseminate information about the government's natural resources policies and operations. NRDC publishes original reporting of environmental news stories on its website, along with

blogs and staff analyses.  NRDC has published multiple stories on its website about the Trump administration's review of national monuments and publicizes issues related to the monuments on Facebook and Twitter.  NRDC staff members and spokespeople have been quoted in national news outlets and have written op-eds on the importance of protecting national monuments. NRDC's more than two million members and online activists constitute a large audience interested in this subject.  NRDC has a long history of analyzing and incorporating information obtained through FOIA requests into reports, articles, and other communications, and it is well prepared to convey to the public any relevant information it obtains through FOIA requests. Defendants' FOIA violations harm NRDC and its members by preventing NRDC from gaining and communicating a full understanding of the nature, scope, and rationale behind Defendants' current and future management of the monuments.

12.     Plaintiff THE WILDERNESS SOCIETY ("TWS") is a non-profit corporation devoted to preserving national monuments, wilderness, forests, parks, rivers, deserts, and shorelands, and is committed to fostering an American land ethic.  Its mission is to protect wilderness and inspire Americans to care for our wild places.  TWS has an interest in obtaining the requested information to advance its members' and the public's understanding of the nature and impact of Secretary Zinke's national monuments review.  TWS has been an active advocate for monument designations for years, and has facilitated the advocacy of its members and supporters for protecting national monuments throughout the nation, including in southern Utah. Defendants' FOIA violations harm TWS and its members by preventing TWS from gaining and communicating a full understanding of the nature, scope, and rationale behind Defendants' monument review and its impact on existing national monuments.

13.     Plaintiff GRAND CANYON TRUST ("the Trust") is a non-profit organization with over three thousand members established in 1985 to protect and restore the Colorado Plateau, which includes, among other places, southern Utah and the national monuments located there.  As part of its mission, the Trust supports tribal communities in their efforts to protect natural and cultural resources, including those now protected within the Bears Ears and Grand Staircase-Escalante National Monuments.  Portions of the Trust's website are dedicated to informing its members and the public about both monuments, providing opportunities to learn more about the land, and fostering action and public input during the administration's national monument review.  The Trust has also published informative articles about Bears Ears in its magazine.  Its executive director has written editorials about Bears Ears in the Salt Lake Tribune, and has been quoted in connection with the monuments and the national monument review in numerous publications.  Defendants' FOIA violations harm the Trust and its members by preventing the organization from gaining and communicating a full understanding of the nature, scope, and rationale behind Defendants' monument review and its impact on existing national monuments.

14.     Plaintiff SIERRA CLUB is one of the oldest environmental organizations in the United States.  Its mission includes engaging its members and the public to protect public lands and wildlife habitat.  It has been a longtime, active public advocate for public lands and several national monument designations, including the Grand Staircase-Escalante and Bears Ears National Monuments.  Sierra Club disseminated extensive information about national monuments and the monument review process to its 829,900 members and supporters, and to the public through press releases, its website, and published opinion pieces.  Defendants' FOIA violations harm Sierra Club and its members by preventing Sierra Club from gaining and

communicating a full understanding of the nature, scope, and rationale behind Defendants'

monument review and its impact on existing national monuments.

15.     Plaintiff GREAT OLD BROADS FOR WILDERNESS ("Great Old Broads") was

founded in 1989 to protect wilderness and wild places for future generations.  It has thirty-six

local chapters throughout the nation and more than five thousand members and supporters.  It

organizes recreational and volunteer events in iconic wild places—including annual camping

trips to the Bears Ears and Grand Staircase-Escalante National Monuments—designed to educate

the public about the history of the areas, the need to protect them, threats to their conservation,

and opportunities to advocate effectively for their continued preservation.  It supported the

designation of the Grand Staircase-Escalante and Bears Ears National Monuments and issued

press releases detailing opportunities for public input on the Bears Ears designation and

subsequently, on the administration's national monument review process.  Defendants' FOIA

violations harm Great Old Broads and its members by preventing Great Old Broads from gaining

and communicating a full understanding of the nature, scope, and rationale behind Defendants'

monument review and its impact on existing national monuments.

16.     Defendant U.S. DEPARTMENT OF THE INTERIOR ("the Department") is a

cabinet-level agency of the executive branch of the U.S. government, responsible for protecting

and managing much of this country's wildlife, natural resources, public lands, and cultural

heritage.  The Department has nine bureaus, including the U.S. Bureau of Land Management.

The Department, through the Bureau of Land Management, manages several national

monuments subject to review under President Trump's executive order, including the Grand

Staircase-Escalante National Monument and large portions of the Bears Ears National

Monument.  Plaintiffs submitted the FOIA requests underlying this Complaint to the

Department's Office of the Secretary.  The Department is in possession and control of the records that Plaintiffs seek, and therefore it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The Department is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this Complaint.

17.     Defendant U.S. BUREAU OF LAND MANAGEMENT ("BLM") is an agency of the executive branch of the U.S. government, under the Department.  BLM is charged with managing several national monuments subject to review under President Trump's executive order, including the Grand Staircase-Escalante National Monument and large portions of the Bears Ears National Monument.  BLM is in possession and control of the records that Plaintiffs seek, and therefore it is subject to FOIA pursuant to 5 U.S.C. § 552(f).  BLM is responsible for applying and implementing the federal laws and regulations at issue in this Complaint.

18.     Defendant COUNCIL ON ENVIRONMENTAL QUALITY ("CEQ") is a division of the Executive Office of the President that coordinates Federal environmental efforts and works with agencies and the White House offices to develop environmental policies and initiatives.  CEQ is in possession and control of the records that Plaintiffs seek, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).  CEQ is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this Complaint.

## LEGAL BACKGROUND

19.     FOIA's basic purpose is to ensure government transparency and the expeditious disclosure of government records.  It establishes the public's right to access all federal agency records unless the agency satisfies its burden to show that it may withhold them pursuant to one of nine narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9); *id.* § 552(a)(4)(B).

20.     FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA.  Specifically, within 20 working days of receiving a FOIA request, an agency must determine whether to disclose responsive records and must immediately notify the requester of its determination and the reasons therefore.  5 U.S.C. § 552(a)(6)(A)(i).  The D.C. Circuit has interpreted such determination to require the agency to indicate "the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents."  *CREW v. FEC*, 711 F.3d 180, 185-86, 188 (D.C. Cir. 2013).  An adverse determination must inform the requester of its right to appeal the agency's determination.  *Id.*

21.     An agency may extend this 20-day period only in "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii), and only for a maximum of 10 working days.  5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. § 2.16(a) (Department & BLM); 40 C.F.R. § 1515.6(a) (CEQ).

22.     The agency must then make the requested records "promptly" available, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i), unless it can establish that it may lawfully withhold records, or portions of records, from disclosure under narrowly-defined FOIA exemptions listed in § 552(b). In doing so, it must make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records responsive to the FOIA request.  *Id.* § 552(a)(3)(C)-(D).

23.     Department FOIA regulations provide for a tracked response process that distinguishes requests based on the estimated number of workdays needed to respond.  43 C.F.R. § 2.15(a).  "Simple" requests take one to five workdays to process; "normal" requests take six to twenty workdays; "complex" requests take between twenty-one and sixty workdays; and "exceptional/voluminous" requests, which involve "very complex processing challenges" and potentially include a large number of responsive records, take over sixty workdays to process. *Id.* § 2.15(c)(1)-(4).  CEQ regulations do not outline such a tracking system.

24. The multi-track processing system does not alter FOIA's statutory deadline for an agency to determine whether to comply with the FOIA request. *Id.* § 2.15. An agency must make a determination whether to comply with the request, and notify the requester accordingly, within the mandatory deadlines described above.

25. An agency must notify the requester of a decision regarding expedition within 10 days of receipt of the request and, if it grants expedited processing, must complete it "as soon as practicable." *See id.* §§ 2.15(d), 2.20(d)-(e); 40 C.F.R. § 1515.7.

26. The United States district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

27. Plaintiffs have submitted seven outstanding FOIA requests to which Defendants have failed to respond. They are, in chronological order:

| Date | Requester | Recipient | General description | Exhibit |
|------|-----------|-----------|---------------------|---------|
| March 30, 2017* | All Plaintiffs | Department, BLM | Records relating to Bears Ears National Monument | A |
| May 8, 2017* | All Plaintiffs | Department, BLM | Records relating to Bears Ears National Monument | B |
| May 11, 2017* | All Plaintiffs | CEQ | Records relating to Bears Ears National Monument | C |
| June 23, 2017 | SUWA | Department, BLM | Maps and other records concerning review of the boundaries of Grand Staircase-Escalante National Monument | D |
| Aug. 24, 2017* | Sierra Club | Department | Secretary Zinke's final report on the review of national monuments and related documents | E |
| Aug. 25, 2017* | SUWA, NRDC | Department, BLM | Records relating to the review of national monuments | F |
| Sept. 1, 2017* | SUWA, NRDC | Department, BLM | Records relating to the review of national monuments | G |

* = Requester(s) sought expedited processing.

28.     As alleged below, while the Department acknowledged receipt of the FOIA

requests, BLM and CEQ largely failed to respond at all.  None of the acknowledgements

Plaintiffs received indicated the scope of the documents the agency would produce, or included

information on planned withholdings or exemptions.  None of the Defendants have provided

Plaintiffs with the determination required by FOIA and the governing regulations, and none have

completed or—in all but one case—even commenced the production of requested records.

29.     The production of these records will redress the harm to Plaintiffs and enable

them to finally communicate to their members and to the public a fuller understanding of the

Trump administration's proposed actions on national monuments.

### First FOIA Request (March 30, 2017)
#### (Submitted by All Plaintiffs)

30.     On March 30, 2017, upon learning about imminent executive action by the Trump

administration to undo the national monument designation of Bears Ears, Plaintiffs submitted an

expedited FOIA request to both the Department and BLM seeking all records dated or created

after January 20, 2017 related to the Bears Ears National Monument, including communications

between the Department and/or BLM and elected officials from the state of Utah, the White

House, and/or their agents or representatives.  The request is attached as Exhibit A.

31.     The following day, the Department acknowledged that it received the FOIA

request on March 31, 2017.  In the same communication, it assigned the request control number

OS-2017-00387 and took "a 10-workday extension" on its determination, citing "unusual

circumstances."  Although the Department had not yet assessed the universe of responsive

records, it placed the request in the "complex" processing track.  It also granted expedited

processing.  The acknowledgement is not a determination on the scope of the documents the

Department would produce, nor does it indicate any planned withholdings or exemptions.

32.     The due date for the Department's FOIA determination, inclusive of its 10-day

extension, was May 11, 2017.  *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. § 2.16(a).

33.     On May 15, 2017, without having ever provided a determination on Plaintiffs'

request, the Department issued a partial response of one file containing 15 pages.

34.     Counsel for Plaintiffs telephoned the Department's FOIA officer, Clarice Julka,

on May 16, 2017 requesting a complete response to the FOIA request.  Ms. Julka replied that she

could not provide a future response date.

35.     As of the date of this Complaint, the Department has failed to provide the

required determination, complete its response, or provide Plaintiffs with a timetable for

production of the requested documents.

36.     For its part, BLM never acknowledged or responded to Plaintiffs' FOIA request.

37.     On May 19, 2017, thirty-six working days after Plaintiffs submitted the FOIA

request, counsel for Plaintiffs telephoned BLM's FOIA officer, Mr. Ryan Witt, notifying him

that BLM's 20-working day determination on Plaintiffs' March 30 FOIA request was overdue.

Mr. Witt stated that he would look into the status of this request and follow up soon with an

acknowledgement letter.

38.     After BLM failed to provide a subsequent acknowledgement letter or response,

counsel again called Mr. Witt on May 24, May 25, June 5, June 21, and June 22, 2017.  Each

time, BLM failed to answer the call or to return counsel's voicemail message.

39.     On June 22, 2017, Plaintiffs' counsel emailed Mr. Witt reiterating a request for an

acknowledgement letter and a status update on this FOIA request.

40.     Mr. Witt responded via email on June 22 that "someone from the WO [Washington Office] Staff [will] provide you a status to your request."  No staff member has contacted counsel about the FOIA request.

41.     On July 10, 2017, Plaintiffs' counsel emailed Mr. Witt requesting an update on the status of BLM's response, but received no response.

***Second FOIA Request (May 8, 2017)***
*(Submitted by All Plaintiffs)*

42.     On May 8, 2017, in response to Secretary Zinke's commencement of the review of national monuments, Plaintiffs submitted an expedited FOIA request to both the Department and BLM seeking: (1) all records the Department and any of its agencies, including BLM, provided to the White House in connection with President Obama's decision to designate the Bears Ears National Monument; and (2) all records provided to, or created by, the Department in connection with Secretary Zinke's review of the Monument pursuant to President Trump's April 26, 2017 Executive Order.  The request is attached as Exhibit B.

43.     On May 9, 2017, the Department acknowledged that it had received this FOIA request on May 8, assigned the request control number OS-2017-00538, and took "a 10-workday extension" on its determination, citing "unusual circumstances."  It also placed the request in the "complex" processing track and denied expedited processing.

44.     The due date for the FOIA determination, inclusive of the 10-day extension, was June 19, 2017.  *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. § 2.16(a).

45.     The Department has not responded in any way to this FOIA request since its acknowledgement letter on May 9, 2017.

46.     On June 21, 2017, Plaintiffs' counsel telephoned the Department's FOIA Officer, Clarice Julka, seeking information on the status of the May 8 FOIA request.  Ms. Julka did not

provide a timetable for responding to the request, stating that she had not begun working on the request.

47.     As of the date of this Complaint, the Department has failed to provide the required determination, produce records responsive to this FOIA request, or provide a timetable for its response.

48.     BLM has not acknowledged or responded to the FOIA request.

49.     On June 21, 2017, Plaintiffs' counsel telephoned BLM's FOIA officer, Mr. Witt, and left him a voice mail message notifying him that 32 working days had passed since the May 8 FOIA request.  Mr. Witt did not return counsel's voicemail message.

50.     Counsel telephoned Mr. Witt again on June 22 and emailed Mr. Witt on June 22 and July 10, 2017, but has received no response.

### Third FOIA Request (May 11, 2017)
#### (Submitted by All Plaintiffs)

51.     To ensure that Plaintiffs' access to agency records regarding Bears Ears is comprehensive, on May 11, 2017, Plaintiffs submitted an expedited FOIA request to CEQ for: (1) all records related to President Obama's designation of the Bears Ears National Monument; and (2) all records related to the review of Bears Ears National Monument pursuant to Executive Order 13792.  The request is attached as Exhibit C.

52.     The due date for CEQ to make a determination on the request pursuant to 5 U.S.C. § 552(a)(6)(A) and 40 C.F.R. § 1515.6(a) was June 8, 2017.

53.     CEQ failed to acknowledge or respond to the FOIA request, and has not provided the determination required by FOIA.

54.     CEQ's FOIA Officer has not responded to inquiries from counsel about the status of CEQ's response to the FOIA, despite repeated requests.

*Fourth FOIA Request (June 23, 2017)*
*(Submitted by Plaintiff SUWA)*

55.     On June 23, 2017, SUWA submitted a FOIA request to both the Department and
to BLM requesting all records relating to maps of any recommended new boundaries for Grand
Staircase-Escalante National Monument, including records shared by or with the State of Utah
and its counties, their officials or employees, state or federal legislators and their staff, state and
federal agencies, and any non-state or non-federal entity.  The request is attached as Exhibit D.

56.     On the same day, the Department acknowledged receipt of this request, assigned
it control number OS-2017-00753, and took "a 10-workday extension" on the determination,
citing "unusual circumstances."  It placed the request in the "complex" processing track.

57.     The due date for the FOIA determination, inclusive of the 10-day extension, was
August 4, 2017.  *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. § 2.16(a).

58.     The Department has failed to provide the required determination, produce records
responsive to this FOIA request, or provide a timetable for its response.

59.     On August 17, 2017, BLM acknowledged receipt of this request but did not
specify a date of receipt, assigned the request control number BLM-2017-00945, placed the
request in the "voluminous" processing track requiring "more than sixty workdays" for
processing, but did not provide a determination on the request.

60.     Pursuant to 5 U.S.C. § 552(a)(6)(A) and 43 C.F.R. § 2.16(a), the 20-working day
due date for BLM's FOIA determination was July 21, 2017.

61.     BLM has failed to provide the required determination or produce records
responsive to this FOIA request.

### Fifth FOIA Request (August 24, 2017)
#### (Submitted by Plaintiff Sierra Club)

62.     On August 24, 2017, at the conclusion of Secretary Zinke's review of national

monuments, Sierra Club submitted an expedited FOIA request to the Department seeking the

national monuments report that Secretary Zinke submitted to President Trump on August 24,

2017; any documents upon which the recommendations in the report relied; and communications

between Secretary Zinke and federal, state, or local officials and business interests regarding the

recommendations.  The request is attached as Exhibit E.

63.     On September 12, 2017, the Department acknowledged that it had received this

request on August 24, assigned the request control number OS-2017-01092, and took "a 10-

workday extension" on its determination, citing "unusual circumstances."  It placed the request

in the "complex" processing track and granted expedited processing.

64.     The due date for the FOIA determination, inclusive of the 10-day extension, was

October 5, 2017.  *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. § 2.16(a).

65.     On October 5, 2017, Counsel for Sierra Club emailed the Department's FOIA

officer, Cindy Sweeney, noting that the due date for the Department's determination has elapsed

and inquiring about the request's status.  Ms. Sweeney replied that the Department could not yet

produce any records.

66.     The Department has failed to provide a determination, produce records responsive

to this FOIA request, or provide a timetable for its response.

### Sixth FOIA Request (August 25, 2017)
#### (Submitted by Plaintiffs SUWA and NRDC)

67.     On August 25, 2017, SUWA and NRDC also submitted an expedited FOIA

request to both the Department and BLM seeking the national monuments report and the

recommendations that Secretary Zinke submitted to President Trump on August 24, 2017, and any attachments, summaries, communications, or other records relating to the report.  The request is attached as Exhibit F.  In this FOIA request, SUWA and NRDC asked only for Secretary Zinke's report itself—opting to later submit a separate request for the records on which Secretary Zinke had relied for his report and recommendations—to facilitate a faster response from the agencies to this request.

68.     On September 20, 2017, the Department acknowledged that it had received this request on August 25, assigned the request control number OS-2017-01105, and took "a 10-workday extension" on its determination, citing "unusual circumstances."  It placed the request in the "complex" processing track and did not determine whether to expedite processing.

69.     The due date for the FOIA determination, inclusive of the 10-day extension, was October 6, 2017.  *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. § 2.16(a).

70.     The Department has failed to provide a determination or produce records responsive to this FOIA request.

71.     BLM has failed to acknowledge or respond to this FOIA request and has not provided the required determination.

### Seventh FOIA Request (September 1, 2017)
*(Submitted by Plaintiffs SUWA and NRDC)*

72.     On September 1, 2017, SUWA and NRDC submitted an expedited FOIA request to both the Department and BLM seeking all records on which Secretary Zinke relied in the course of his review and development of recommendations completed pursuant to President Trump's Executive Order 13792.  The request is attached as Exhibit G.

73.     On September 5, 2017, the Department acknowledged that it received this request on September 5, assigned the request control number OS-2017-01143, and granted expedited processing without providing any determination on the request.

74.     Pursuant to 5 U.S.C. § 552(a)(6)(A) and 43 C.F.R. § 2.16(a), the due date for the FOIA determination was October 2, 2017.

75.      The Department has failed to provide the required determination, produce records responsive to this FOIA request, or provide a timetable for its response.

76.     On September 13, 2017, BLM acknowledged receipt of this request but did not specify a date of receipt, assigned the request control number BLM-2017-01070, placed the request in the "complex" processing track for processing within "twenty-one to sixty workdays," but did not provide a determination on the request.

77.     Pursuant to 5 U.S.C. § 552(a)(6)(A) and 43 C.F.R. § 2.16(a), the due date for BLM's FOIA determination was September 29, 2017.

78.     BLM has failed to provide the required determination or produce records responsive to this FOIA request.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Make a Determination on FOIA Requests, 5 U.S.C. § 552(a)(6)-(7)
*(All Plaintiffs against Defendant Department of the Interior)*

79.     Plaintiffs reallege and incorporate by reference each of the allegations set forth in the preceding paragraphs.

80.     Plaintiffs have a statutory right to receive a determination from the Department on each of their FOIA requests within the time frames that Congress required through FOIA.

81.     The Department violated FOIA by failing to make the required determination in response to Plaintiffs' outstanding FOIA requests dated March 30, 2017 and May 8, 2017.

82.    The Department violated FOIA by failing to make a determination on SUWA's June 23, 2017 FOIA request.

83.    The Department violated FOIA by failing to make a determination on Sierra Club's August 24, 2017 FOIA request.

84.    The Department violated FOIA by failing to make a determination on SUWA and NRDC's August 25, 2017 and September 1, 2017 FOIA requests.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Failure to Respond to FOIA Requests, 5 U.S.C. § 552(a)(3), (a)(4)(B), (b); 43 C.F.R. § 2.12**
*(All Plaintiffs against Defendant Department of the Interior)*

85.    Plaintiffs reallege and incorporate by reference each of the allegations set forth in the preceding paragraphs.

86.    FOIA requires the Department to process the records requests described herein and to promptly provide responsive records, or any reasonably segregable portion of a record not subject to specified FOIA exemptions.

87.    The Department violated Plaintiffs' rights under FOIA when it failed to promptly disclose records, or to disclose reasonably segregable portions of lawfully exempt records, that are responsive to the March 30, 2017 and May 8, 2017 FOIA requests.

88.    The Department violated SUWA's rights when it failed to promptly disclose records responsive to its June 23, 2017 FOIA request, or to disclose reasonably segregable portions of lawfully exempt responsive records.

89.    The Department violated Sierra Club's rights when it failed to promptly disclose records responsive to its August 24, 2017 FOIA request, or to disclose reasonably segregable portions of lawfully exempt responsive records.

19

90. The Department violated SUWA and NRDC's rights when it failed to promptly disclose records responsive to their August 25, 2017 and September 1, 2017 FOIA requests, or to disclose reasonably segregable portions of lawfully exempt responsive records.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Failure to Make a Determination on FOIA Requests, 5 U.S.C. § 552(a)(6)-(7)**
*(All Plaintiffs against Defendant Bureau of Land Management)*

91. Plaintiffs reallege and incorporate by reference each of the allegations made in the preceding paragraphs.

92. Plaintiffs have a statutory right to receive a determination from BLM on each of their FOIA requests within 20 working days.

93. BLM violated FOIA by failing to make a determination, or provide an estimated date of completion, on Plaintiffs' March 30, 2017 and May 8, 2017 FOIA requests.

94. BLM violated FOIA by failing to make a determination, or provide an estimated date of completion, on SUWA's June 23, 2017 FOIA request.

95. BLM violated FOIA by failing to make a determination on SUWA and NRDC's August 25, 2017 and September 1, 2017 FOIAs requests.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Failure to Respond to FOIA Requests, 5 U.S.C. § 552(a)(3), (a)(4)(B), (b); 43 C.F.R. § 2.12**
*(All Plaintiffs Against Defendant Bureau of Land Management)*

96. Plaintiffs reallege and incorporate by reference each of the allegations set forth in the preceding paragraphs.

97. FOIA requires BLM to process the Plaintiffs' FOIA requests and to provide responsive records, or any reasonably segregable portion of records not subject to a FOIA exemption.

98.     BLM violated FOIA when it failed to provide records, or reasonably segregable portions of lawfully exempt responsive records, responsive to Plaintiffs' March 30, 2017 and May 8, 2017 FOIA requests.

99.     BLM violated FOIA when it failed to promptly provide records, or reasonably segregable portions of lawfully exempt responsive records, responsive to SUWA's June 23, 2017 FOIA request.

100.    BLM violated FOIA when it failed to promptly provide records, or reasonably segregable portions of lawfully exempt responsive records, responsive to SUWA and NRDC's August 25, 2017 and September 1, 2017 FOIA requests.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Make a Determination on FOIA Requests, 5 U.S.C. § 552(a)(6)-(7)
### *(All Plaintiffs Against Defendant Council on Environmental Quality)*

101.    Plaintiffs reallege and incorporate by reference each of the allegations set forth in the preceding paragraphs.

102.    Plaintiffs have a statutory right to receive a determination on their May 11, 2017 FOIA request to CEQ within 20 working days.

103.    CEQ violated FOIA by failing to make a determination on Plaintiffs' May 11, 2017 FOIA request within 20 working days and by failing to provide an estimated date of completion for a determination on this request.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Respond to FOIA Requests, 5 U.S.C. § 552(a)(3), (a)(4)(B), (b); 40 C.F.R.
### § 1515.6
### *(All Plaintiffs Against Defendant Council on Environmental Quality)*

104.    Plaintiffs reallege and incorporate by reference each of the allegations set forth in the preceding paragraphs.

105.    FOIA requires CEQ to process records requests and promptly provide responsive records, or any reasonably segregable portion of a record not subject to a FOIA exemption.

106.    CEQ violated FOIA when it failed to promptly provide records, or reasonably segregable portions of lawfully exempt responsive records, in response to Plaintiffs' May 11, 2017 FOIA request.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

1.    Declare that Defendants' failures to respond to Plaintiffs' FOIA requests, as alleged above, are unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

2.    Order Defendants to provide a determination on Plaintiffs' FOIA requests as required by FOIA, at no cost to Plaintiffs;

3.    Order Defendants to conduct searches that are reasonably calculated to locate all records—up to the date when the searches are conducted—responsive to Plaintiffs' FOIA requests, at no cost to Plaintiffs;

4.    Order Defendants to provide Plaintiffs all responsive records—or reasonably segregable portions of lawfully exempt records—within 20 days of this Court's order, at no cost to Plaintiffs;

5.    Maintain jurisdiction over this action until Defendant is in compliance with FOIA and every order of this Court;

6.    Award Plaintiffs their costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

7.    Grant such other relief as the Court may deem just and proper.

Respectfully submitted November 2, 2017,

/s/ *Laura Dumais*
Laura Dumais (D.C. Bar No. 1024007)
EARTHJUSTICE
1625 Massachusetts Avenue, NW, Suite 702
Washington, DC 20036
Phone: (202) 797-5250
Fax: (202) 667-2356
ldumais@earthjustice.org

Heidi McIntosh (*pro hac vice pending*)
Yuting Chi (*pro hac vice pending*)
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, CO 80202
Phone: (303) 996-9623
Fax: (303) 623-8083
hmcintosh@earthjustice.org
ychi@earthjustice.org

*Attorneys for Plaintiffs Southern Utah Wilderness Alliance, Natural Resources Defense Council, The Wilderness Society, Grand Canyon Trust, Sierra Club, and Great Old Broads for Wilderness*